IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Sharpe Innovations, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Tucows (Delaware) Inc.,**<br><br>Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sharpe Innovations, Inc. ("Sharpe"), through its attorneys, complains of Tucows (Delaware) Inc. ("Tucows"), and alleges the following:

**PARTIES**

1. Plaintiff Sharpe Innovations, Inc. is a corporation organized and existing under the laws of North Carolina that maintains its principal place of business at 1300 Westwood Village Lane, Suite 403, Midlothian, VA 23114.

2. Defendant Tucows (Delaware) Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 96 Mowat Avenue, Toronto, ON M6K 3M1, Canada.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Sharpe has suffered harm in this district.

### PATENTS-IN-SUIT

7. Sharpe is the assignee of all right, title and interest in United States Patent Nos. 8,337,239 (the "'239 Patent"); 8,573,986 (the "'986 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Sharpe possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '239 Patent

8. The '239 Patent is entitled "Hardened micro SIM adaptor," and issued 12/25/2012. The application leading to the '239 Patent was filed on 12/9/2010, which ultimately claims priority from provisional application number 61/369,223, filed on 7/30/2010. A true and correct copy of the '239 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '239 Patent is valid and enforceable.

### The '986 Patent

10. The '986 Patent is entitled "SIM card adaptor," and issued 11/5/2013. The application leading to the '986 Patent was filed on 11/13/2012, which ultimately claims priority from provisional application number 61/369,223, filed on 7/30/2010. A true and correct copy of the '986 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '986 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '239 PATENT

12. Sharpe incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '239 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Tucows products identified in the charts incorporated into this Count below (among the "Exemplary Tucows Products") that infringe at least the exemplary claims of the '239 Patent also identified in the charts incorporated into this Count below (the "Exemplary '239 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '239 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '239 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

16. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '239 Patent. On information and belief, Defendant has also continued to sell the Exemplary Tucows Products and

distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '239 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '239 Patent.

17. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '239 Patent, literally or by the doctrine of equivalents, by selling Exemplary Tucows Products to their customers for use in end-user products in a manner that infringes one or more claims of the '239 Patent.

18. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '239 Patent, literally or by the doctrine of equivalents, by selling Exemplary Tucows Products to their customers for use in end-user products in a manner that infringes one or more claims of the '239 Patent. Moreover, the Exemplary Tucows Products are not a staple article of commerce suitable for substantial noninfringing use.

19. Exhibit 3 includes charts comparing the Exemplary '239 Patent Claims to the Exemplary Tucows Products. As set forth in these charts, the Exemplary Tucows Products practice the technology claimed by the '239 Patent. Accordingly, the Exemplary Tucows Products incorporated in these charts satisfy all elements of the Exemplary '239 Patent Claims.

20. Sharpe therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

21. Sharpe is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 2: INFRINGEMENT OF THE '986 PATENT

22. Sharpe incorporates the above paragraphs herein by reference.

23. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '986 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Tucows products identified in the charts incorporated into this Count below (among the "Exemplary Tucows Products") that infringe at least the exemplary claims of the '986 Patent also identified in the charts incorporated into this Count below (the "Exemplary '986 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '986 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '986 Patent Claims, by having its employees internally test and use these Exemplary Products.

25. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '986 Patent. On information and belief, Defendant has also continued to sell the Exemplary Tucows Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '986 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '986 Patent.

27. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '986 Patent, literally or by the doctrine of

equivalents, by selling Exemplary Tucows Products to their customers for use in end-user products in a manner that infringes one or more claims of the '986 Patent.

28.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '986 Patent, literally or by the doctrine of equivalents, by selling Exemplary Tucows Products to their customers for use in end-user products in a manner that infringes one or more claims of the '986 Patent. Moreover, the Exemplary Tucows Products are not a staple article of commerce suitable for substantial noninfringing use.

29.     Exhibit 4 includes charts comparing the Exemplary '986 Patent Claims to the Exemplary Tucows Products.  As set forth in these charts, the Exemplary Tucows Products practice the technology claimed by the '986 Patent.  Accordingly, the Exemplary Tucows Products incorporated in these charts satisfy all elements of the Exemplary '986 Patent Claims.

30.     Sharpe therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

31.     Sharpe is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

32.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Sharpe respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Sharpe respectfully requests the following relief:

A.      A judgment that the '239 Patent is valid and enforceable;

B.      A judgment that the '986 Patent is valid and enforceable;

C.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '239 Patent;

D.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '986 Patent;

E.     An accounting of all damages not presented at trial;

F.     A judgment that awards Sharpe all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Sharpe for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Sharpe be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that Sharpe be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Sharpe be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 2, 2020         Respectfully submitted,

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
800 N. West Street, Third Floor
Wilmington, DE 19809

(302) 999-1540
stamoulis@swdelaw.com

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Sharpe Innovations, Inc.**